UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN DANIEL LAGROU,

    Petitioner,                                  Civil No. 04-CV-74271-DT
                                                     HONORABLE ARTHUR J. TARNOW
v.                                                UNITED STATES DISTRICT JUDGE

KURT JONES,

    Respondent,
_____/

**OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY
AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

On May 25, 2006, the Court issued an opinion and order denying the petition for writ of habeas corpus. Petitioner has now filed a motion for a certificate of appealability and a motion for leave to appeal *in forma pauperis*. For the reasons stated below, the Court will deny the motion for a certificate of appealability, but will grant petitioner leave to appeal *in forma pauperis.*

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(A). In order to issue a certificate of appealability, the district court must find that the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

1

*Lagrou v. Jones,* 04-74271-DT

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## A.  The prosecutorial misconduct claims.

Petitioner initially seeks a certificate of appealability on his third claim involving allegations of prosecutorial misconduct.

The Court rejected petitioner's prosecutorial misconduct claim, finding that petitioner had failed to show that the prosecutor's conduct and remarks denied him a fundamentally fair trial.  A habeas corpus petitioner is entitled to a certificate of appealability where it is fairly debatable whether a prosecutor's statements to a jury during closing arguments denied the petitioner a fair trial. *See Graham v. Koerner,* 149 Fed. Appx. 769, 772 (10th Cir. 2005).  In particular, for reasons stated in greater detail in the opinion and order denying the petition for writ of habeas corpus, the Court found that the prosecutor's questions and comments did not impinge on petitioner's right to remain silent.  Petitioner is not entitled to a certificate of appealability with respect to his claim that the prosecutor improperly commented on petitioner's right to remain silent, because reasonable jurists could not debate whether this issue should have been resolved in a different manner. *See Barrientes v. Johnson,* 221 F.3d 741, 781 (5th Cir. 2000).

## B  The ineffective assistance of counsel claims.

In his fourth claim, petitioner contended that he was deprived of the effective

2

*Lagrou v. Jones,* 04-74271-DT

assistance of trial counsel.

A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F. 3d 261, 266 (6th Cir. 2000). For the reasons stated by the Court in much greater detail in the order denying the petition for writ of habeas corpus, petitioner has failed to make a substantial showing that he was denied the effective assistance of counsel. A certificate of appealability shall not issue on his ineffective assistance of counsel claims.

### C. The *res gestae* witness claim.

In his fifth claim, petitioner contended that his due process rights were violated because the prosecutor did not comply with Michigan's *res gestae* statute by failing to produce Jennifer Byrd for trial. The Court rejected this claim, noting that federal law does not require the production of *res gestae* witnesses. *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 601 (E.D. Mich. 2001). "[U]nder federal law, there is no obligation on the part of the prosecutor to call any particular witness unless the government has reason to believe that the testimony would exculpate the petitioner." *Id.* Because Jennifer Byrd would not have exculpated him of his crime, petitioner was not entitled to relief on his fifth claim. Because petitioner has not shown that the trial court's exclusion of Byrd's testimony had an injurious effect on the outcome of his case, he is not entitled to a certificate of appealability on this claim. *See Trevino v. Johnson*, 168 F. 3d 173, 184 (5th Cir. 1999).

*Lagrou v. Jones,* 04-74271-DT

### D.  The prior convictions claim.

In his sixth claim, petitioner contended that the trial court erred in admitting his prior convictions into evidence for impeachment purposes.

Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000).  Petitioner's challenge to the state trial court's decision to allow the prosecutor to use petitioner's prior convictions for impeachment purposes is not cognizable on habeas review, because it does not present a constitutional issue. *See Peoples v. Fulcomer,* 731 F. Supp. 1242, 1244 (E.D. Pa. 1990).  Because petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to the admission of his prior convictions at his trial, petitioner is not entitled to a certificate of appealability regarding this claim. *See Ediger v. Scott,* 28 Fed. Appx. 882, 885 (10th Cir. 2001).

### E.  The cumulative errors claim.

Petitioner lastly contends that he is entitled to a certificate of appealability because the cumulative nature of these errors deprived him of a fair trial.

The Sixth Circuit has noted that the United States Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle,* 291 F. 3d 416, 447 (6th Cir. 2002).  Petitioner is not entitled to a certificate of appealability on any cumulative errors claim, because he has failed to make a

*Lagrou v. Jones,* 04-74271-DT

substantial showing of the denial of a constitutional right with respect to that claim. *See Kincade v. Sparkman,* 117 F. 3d 949, 953 (6th Cir. 1997).

### F.  Petitioner's remaining claims.

Petitioner raised several other claims in his petition, but has not requested a certificate of appealability with respect to those claims.  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), certificates of appealability are granted on an issue by issue basis, thereby limiting appellate review to those issues alone. *See Hughes v. Johnson*, 991 F. Supp. 621, 639 (S.D. Tex. 1998).  Because petitioner does not seek the issuance of a certificate of appealability for the remaining claims that he raised in his petition, petitioner has waived his right to obtain a certificate of appealability on these claims. *See Elzy v. United States*, 205 F. 3d 882, 886 (6th Cir. 2000)(defendant waived issue on appeal from the denial of his motion to vacate sentence by failing to mention it in his motion for a certificate of appealability).

### G.  The motion for leave to appeal *in forma pauperis*.

Although this Court has denied a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at

5

*Lagrou v. Jones,* 04-74271-DT

764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

### ORDER

Based upon the foregoing, IT IS ORDERED that the motion for a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that the motion for leave to appeal *in forma pauperis* is **GRANTED.**

                        s/Arthur J. Tarnow  
                        Arthur J. Tarnow  
                        United States District Judge

Dated:  August 24, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2006, by electronic and/or ordinary mail.

                        s/Catherine A. Pickles  
                        Judicial Secretary